Houck, J.
The plaintiffs in error here were the defendants below, where a judgment was entered against them for the sum of $350, based on a verdict returned by a jury for said amount. The issues were raised by petition and answer, the basis of the recovery being for alleged damages done by defendants below to certain trees and fences belonging to the plaintiffs below, the answer being 'in the nature of a general denial and justification.
A reversal of the judgment entered by the trial judge is asked because he erred in his general charge to the jury, in this, to-wit: that the issues in the case were not defined and stated to the jury.
*358 The rule governing this question is found in the case of Baltimore & Ohio Rd. Co. v. Lockwood, 72 Ohio St., 586, first syllabus, which reads:
“In submitting a case to the'jury, it is the duty of the court to separate and definitely state to the jury, the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require; and it is also the duty of the court' to distinguish between, and call the attention of the jury to, the material allegations of fact which are admitted and those which are denied.”
Applying this rule to the charge in the present case, we find it to be sound in every particular, and in full and complete accord with the rule of law as enunciated by our supreme court in the case cited. The language used by the court was plain, explicit, definite and certain, and, as we view it, clearly and concisely stated to the jury each and every fact necessary to be determined, as well as the law governing same. Our examination of the charge further convinces us that the court did its full duty in the premises; and the law, as laid down therein, was responsive to and in complete harmony with the issues raised by the pleadings and the facts as established by the evidence. We have read the pleadings with care, and all the evidence offered in the case, as contained in the nearly two hundred pages of typewritten matter, and we find that the issues of fact and law, necessary to a proper solution of the controversy between the parties to this action, were defined and given to the jury by the trial judge as required by law.
*359 The next error complained of is that the verdict is excessive.
As to whether or not a verdict is excessive, in some cases, presents a question not easily to be solved. There are two classes of cases in which an excessive verdict may be set aside, namely: (a) where the amount of the verdict is clearly susceptible of ascertainment by calculation, or where the law has established some fixed rule by which it may be ascertained; (b) where no fixed rule is established.
In the first instance there is no difficulty in applying the rule, and where the verdict is excessive it is the duty of a reviewing court to set aside the judgment entered on such verdict. In the second, the judgment on the verdict should not be interfered with unless the amount of it clearly indicates that the jury acted from passion, prejudice, partiality or corruption.
We hold the rule is well settled that in cases like the one at bar the verdict of the jury will not be disturbed unless in amount it is so excessive as to strike one at first blush as unreasonable and outrageous, and such as manifestly indicates that the jury acted under the influence of prejudice or passion, or under a clear misapprehension of its duty and the facts of the case.
In the case of Brooklyn Street Rd. Co. v. Kelley, 6 C. C., 155, Judge Caldwell, speaking for the' court, says:
“A reviewing court will not disturb a verdict on account of excessive damages, unless the amount awarded is so disproportionate to the damages shown in the evidence that the court are satisfied *360 that the jury, in rendering the verdict, were governed by prejudice, passion, or feeling, instead of by cool and calm judgment.”
This rule of law appeals to us as being sound, and, measuring the facts in this case by it, we hold that the second ground of alleged error is not well taken.

Judgment affirmed.

Powell and Shields, JJ., concur.